**PUTTING PEOPLE FIRST, et al., Plaintiffs,**

**v.**

**Bruce BABBITT, Secretary of the Interior, et al., Defendants,**

**The Fund For Animals, Inc., and Earth Island Institute, Intervenors.**

Civ. A. No. 93–001 (RCL).

United States District Court, D. Columbia.

Dec. 1, 1993.

Eric Robert Glitzenstein, Katherine A. Meyer, Meyer & Glitzenstein, Washington, D.C., for proposed intervenors.

William Wewer, Washington, D.C., for plaintiff.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This case comes before this court on the memorandum of The Fund for Animals, Inc., ("The Fund") and Earth Island Institute ("EII"), both proposed intervenors, in support of an award of attorney's fees under 16 U.S.C. § 1540(g)(4), the attorney's fee provision of the Endangered Species Act ("ESA"). Having considered the memoranda of both parties, this court will order that the Fund and EII are not entitled to attorney's fees or costs under § 1540(g)(4).

### I. BACKGROUND

On June 23, 1992, the Secretary of the Interior issued, under Section 4 of the Endangered Species Act (16 U.S.C. § 1533), a regulation to protect a wild sheep called the argali. 57 Fed.Reg. 28014. A group called Putting People First ("PPF"), along with several other individuals and groups, challenged the regulation for violating the ESA, the Administrative Procedure Act, and the Federal Advisory Committee Act, 5 U.S.C.App. II ("FACA"). They filed suit against the Secretary of the Interior and the

Director of the Fish and Wildlife Service on January 4, 1993, and the government defended the agency action.

On March 19, 1993, The Fund and EII filed a motion to intervene as party defendants. Before this court ruled on their intervention motion, plaintiffs decided to drop their suit. The case was dismissed with prejudice on August 19, 1993.

The day after this court ordered the case dismissed, The Fund and EII moved the court to grant their intervention motions in order to "preserve their ability to file a motion seeking attorneys' fees and costs against plaintiffs." Resp. of Applicants for Intervention to Stipulation for Dismissal, at 1. On August 23, 1993, the court granted their motions "for the sole purpose of allowing the intervenors to demonstrate their entitlement to attorneys' fees and costs." Order of August 23, 1993, at ¶ 1.

*II. ANALYSIS*

The attorney's fee provision at issue in this case authorizes the court to award "costs of litigation (including reasonable attorney and expert witness fees) to *any party,* whenever the court determines such an award is appropriate." 16 U.S.C. § 1540(g)(4) (emphasis added). It makes no provision for non-parties to collect fees, and The Fund and EII do not refer this court to any judicial doctrine permitting non-parties to collect fees or costs.

The Fund and EII were not parties to this case because this court never granted them leave to intervene. (The Fund and EII concede that "their intervention motion has never been ruled on by the Court." Resp. of Applicants for Intervention to Stipulation for Dismissal, at 4.) Nor does this court's order of August 23, 1993, grant them status as parties. That order simply allows The Fund and EII to act in effect as "post-judgment intervenors," permitting them to file memoranda litigating the issue of whether they may claim attorney's fees. The order does not retroactively transform them into "pre-judgment intervenors," permitting them to claim fees for work they performed when they lacked party status.

Because neither The Fund nor EII was a "party" to this case when it was litigated, neither of them is covered by the fee-shifting provision and neither may collect fees under it. For this reason, neither The Fund nor EII is entitled to recover attorney's fees or costs under § 1540(g)(4).